BERZON, J.,
dissenting.
The majority correctly recognizes that in immigration proceedings, an Immigration Judge may properly draw an adverse inference from a petitioner’s invocation of his Fifth Amendment right against self-incrimination. Gutierrez v. Holder, 662 F.3d 1083, 1091 (9th Cir.2011). The Board of Immigration Appeals (“BIA”) has, however, held that silence alone cannot adequately support a finding of removability. Matter of Guevara, 20 I. & N. Dec. 238, 242 (B.I.A.1990).
In this case, the IJ excluded as hearsay statements documented on Form 1-213 made by two of Acosta-Munguia’s passengers who were unavailable for cross-examination. See Hernandez-Guadarrama v. Ashcroft, 394 F.3d 674 (9th Cir.2005). These statements consisted of admissions that the passengers were “imposters” and that Acosta-Munguia knew this to be the case. The majority nonetheless relies on other factual information supplied by the same form, including that Acosta-Munguia identified the .passengers as his friends and that his vehicle and border crossing card were confiscated. But these facts are only relevant evidence in light of the passengers’ hearsay admissions; without those admissions, the evidence relied on by the majority provides no support for the BIA’s conclusion.
In my view, the only information in the record that can properly support Acosta-Munguia’s removability (in addition to the adverse inference drawn from his silence) is the statement on the 1-213 form indicating that, at the time of the border incident, he waived a hearing before an IJ to contest the smuggling charge. In his removal hearing, however, Acosta-Munguia disputed this, claiming that he had, in fact, requested a hearing. The IJ never made a factual finding on this issue; instead, his opinion stated, incorrectly, that Acosta-Munguia “admitted” that he had waived his right to a hearing. Absent such a finding, there is no factual support properly in the record to bolster the adverse inference drawn from Acosta-Munguia’s silence, as required by Guevara.. I would therefore remand to the BIA for a finding on this point, ■